**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| AMERICAN OVERSIGHT,<br>1030 15th Street NW, B255<br>Washington, DC 20005<br><div align="right">*Plaintiff,*</div><br>v.<br><br>U.S. DEPARTMENT OF THE TREASURY<br>1500 Pennsylvania Avenue NW<br>Washington, DC 20220<br><div align="right">*Defendant.*</div> | Case No. 19-3695 |

## COMPLAINT

1.      Plaintiff American Oversight brings this action against the U.S. Department of the Treasury under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3.      Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

4.      Because Defendant the U.S. Department of the Treasury has failed to comply with the applicable time-limit provisions of the FOIA, American Oversight is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled

to judicial action enjoining the agency from continuing to withhold agency records and ordering the production of agency records improperly withheld.

## PARTIES

5.      Plaintiff American Oversight is a nonpartisan non-profit section 501(c)(3) organization primarily engaged in disseminating information to the public. American Oversight is committed to promoting transparency in government, educating the public about government activities, and ensuring the accountability of government officials. Through research and FOIA requests, American Oversight uses the information it gathers, and its analysis of it, to educate the public about the activities and operations of the federal government through reports, published analyses, press releases, and other media. The organization is incorporated under the laws of the District of Columbia.

6.      Defendant the U.S. Department of the Treasury (Treasury) is a department of the executive branch of the U.S. government headquartered in Washington, D.C., and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). Treasury has possession, custody, and control of the records that American Oversight seeks.

## STATEMENT OF FACTS

*Deripaska Communications Request*

7.      On April 3, 2019, American Oversight submitted a FOIA request to Treasury bearing internal tracking number TREAS-19-0426 (the "Deripaska Communications Request").

8.      The Deripaska Communications Request specifically sought the following records from January 20, 2017, through the date of the search:

> All communications (including emails, email attachments, calendar invitations/entries, and written guidance or memoranda) of all political appointees\* in the immediate Office of the Secretary— including Secretary Steven Mnuchin and any assistants, the

immediate Office of the Chief of Staff—including Chief of Staff Eli Miller, and anyone communicating on his behalf—<u>with</u> (or cc'ing) the below list of individuals or organizations:

    i.  Leonard "Len" Blavatnik
    ii.  Warner Music Group
    iii.  Oleg Deripaska
    iv.  Viktor Vekselberg
    v.  Konstantin Kilimnik
    vi.  Paul Manafort
    vii.  Rick Gates
    viii.  Endeavor
    ix.  Sual Partners
    x.  Rusal
    xi.  En+
    xii.  RatPac
    xiii.  Dune
    xiv.  Orandy Capital
    xv.  VTB
    xvi.  Glencore

*"Political appointee" should be understood as any person who is a Presidential Appointee with Senate Confirmation (PAS), a Presidential Appointee (PA), a Non-career SES, any Schedule C employees, or any persons hired under Temporary Non-career SES Appointments, Limited Term SES Appointments, or Temporary Transitional Schedule C Appointments.

9.    By letter dated April 11, 2019, Treasury acknowledged receipt of American Oversight's request and assigned it tracking number 2019-04-032.

10.    In acknowledging the request, Treasury informed American Oversight that Treasury required an additional processing extension of ten days.

11.    American Oversight has not received any further communication from Treasury regarding the Deripaska Communications FOIA request.

*Braidy Communications Request*

12.    On July 18, 2019, American Oversight submitted a FOIA request to Treasury bearing internal tracking number TREAS-19-0877 (the "Braidy Communications Request").

13.     The Braidy Communications Request specifically sought the following records

from January 20, 2017, through the date of the search:

> All email communications (including email messages, email
> attachments, and calendar invitations) between (a) political
> appointees* in the immediate Office of the Secretary (including
> anyone serving in the capacity of White House Liaison or White
> House Advisor), the Office of the Chief of Staff, and the Office of
> Legislative Affairs and (b) the below list of individuals or
> organizations:
>
>> i.   Braidy Industries (including anyone communicating
>>       from an email address ending in @braidy.com or
>>       @braidyindustries.com)
>> ii.  Craig Bouchard
>> iii. Julie Kavanaugh
>> iv.  Tom Modrowski
>> v.   Nate Haney
>
> *"Political appointee" should be understood as any person who is a
> Presidential Appointee with Senate Confirmation (PAS), a
> Presidential Appointee (PA), a Non-career SES, any Schedule C
> employees, or any persons hired under Temporary Non-career SES
> Appointments, Limited Term SES Appointments, or Temporary
> Transitional Schedule C Appointments.

14.     American Oversight has not received any communication from Treasury

regarding the Braidy Communications FOIA request.

*McConnell Communications Request*

15.     Also on July 18, 2019, American Oversight submitted a FOIA request to Treasury

bearing internal tracking number TREAS-19-0875 (the "McConnell Communications Request").

16.     The McConnell Communications Request specifically sought the following

records from January 20, 2017, through the date of the search:

> 1. All email communications (including email messages, email
> attachments, and calendar invitations) between (a) political
> appointees* in the Immediate Office of the Secretary (including
> anyone serving in the capacity of White House Liaison or White
> House Advisor) or the Office of the Chief of Staff, and (b) Senator

Mitch McConnell or anyone who works for Mr. McConnell, including anyone whose email ends in @mcconnell.senate.gov or @teammitch.com.

2. All email communications (including email messages, email attachments, and calendar invitations) between (a) political appointees* in the Office of Legislative Affairs and (b) Senator Mitch McConnell or anyone who works for Mr. McConnell, including anyone whose email ends in @mcconnell.senate.gov or @teammitch.com containing any of the following search terms:

     i. Braidy
    ii. Brady
   iii. Bouchard
   iv. Ashland
    v. Atlas
   vi. Rusal
  vii. Taishet
 viii. En+
   ix. EuroSibEnergo
    x. Deripaska
   xi. VTB
  xii. Sanctions

*"Political appointee" should be understood as any person who is a Presidential Appointee with Senate Confirmation (PAS), a Presidential Appointee (PA), a Non-career SES, any Schedule C employees, or any persons hired under Temporary Non-career SES Appointments, Limited Term SES Appointments, or Temporary Transitional Schedule C Appointments.

17. American Oversight has not received any communication from Treasury regarding the McConnell Communications FOIA request.

*Braidy Keywords Request*

18. Also on July 18, 2019, American Oversight submitted a FOIA request to Treasury bearing internal tracking number TREAS-19-0876 (the "Braidy Keywords Request").

19. The Braidy Keywords Request specifically sought the following records from January 20, 2017, through the date of the search:

All email communications (including email messages, email
attachments, and calendar invitations) sent by political appointees*
in the immediate Office of the Secretary (including anyone serving
in the capacity of White House Liaison or White House Advisor),
the Office of the Chief of Staff, and the Office of Legislative Affairs
containing any of the following search terms:

    i.  Braidy
    ii.  Brady
    iii.  Bouchard
    iv.  Ashland
    v.  Atlas
    vi.  "aluminum plant"
    vii.  "aluminum mill"
    viii.  "Russia sanctions"

Although American Oversight agrees to limit Treasury's search for
responsive email communications to emails sent by political
appointees, American Oversight still requests that complete email
chains be produced displaying any received messages to which
political appointees have responded and any attachments thereto.

*"Political appointee" should be understood as any person who is a
Presidential Appointee with Senate Confirmation (PAS), a
Presidential Appointee (PA), a Non-career SES, any Schedule C
employees, or any persons hired under Temporary Non-career SES
Appointments, Limited Term SES Appointments, or Temporary
Transitional Schedule C Appointments.

20.    American Oversight has not received any communication from Treasury

regarding the Braidy Keywords FOIA request.

*Exhaustion of Administrative Remedies*

21.    As of the date of this complaint, Treasury has failed to (a) notify American

Oversight of a final determination regarding its FOIA requests, including the scope of any

responsive records Treasury intends to produce or withhold and the reasons for any

withholdings; or (b) produce the requested records or demonstrate that the requested records are

lawfully exempt from production.

22.     Through Treasury's failure to respond to American Oversight's FOIA requests within the time period required by law, American Oversight has constructively exhausted its administrative remedies and seeks immediate judicial review.

## COUNT I
### Violation of FOIA, 5 U.S.C. § 552
### Failure to Conduct Adequate Search for Responsive Records

23.     American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

24.     American Oversight properly requested records within the possession, custody, and control of Treasury.

25.     Treasury is an agency subject to FOIA and must therefore make reasonable efforts to search for requested records.

26.     Treasury has failed to promptly review agency records for the purpose of locating those records which are responsive to American Oversight's FOIA requests.

27.     Treasury's failure to conduct an adequate search for responsive records violates FOIA.

28.     Plaintiff American Oversight is therefore entitled to injunctive and declaratory relief requiring Defendant to promptly make reasonable efforts to search for records responsive to American Oversight's FOIA requests.

## COUNT II
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

29.     American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

30.     American Oversight properly requested records within the possession, custody, and control of Treasury.

31.     Treasury is an agency subject to FOIA and must therefore release in response to a FOIA request any non-exempt records and provide a lawful reason for withholding any materials.

32.     Treasury is wrongfully withholding non-exempt agency records requested by American Oversight by failing to produce non-exempt records responsive to its FOIA requests.

33.     Treasury is wrongfully withholding non-exempt agency records requested by American Oversight by failing to segregate non-exempt information in otherwise exempt records responsive to American Oversight's FOIA requests.

34.     Treasury's failure to provide all non-exempt responsive records violates FOIA and agency regulations.

35.     Plaintiff American Oversight is therefore entitled to injunctive and declaratory relief requiring Defendant to promptly produce all non-exempt records responsive to its FOIA requests and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

## **REQUESTED RELIEF**

WHEREFORE, American Oversight respectfully requests the Court to:

(1) Order Defendant to conduct a search or searches reasonably calculated to uncover all records responsive to American Oversight's FOIA requests;

(2) Order Defendant to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to

American Oversights FOIA requests and indexes justifying the withholding of any

responsive records withheld under claim of exemption;

(3) Enjoin Defendant from continuing to withhold any and all non-exempt records

responsive to American Oversight's FOIA requests;

(4) Award American Oversight the costs of this proceeding, including reasonable

attorneys' fees and other litigation costs reasonably incurred in this action, pursuant

to 5 U.S.C. § 552(a)(4)(E); and

(5) Grant American Oversight such other relief as the Court deems just and proper.


Dated: December 11, 2019                    Respectfully submitted,

                                            */s/ Khahilia Y. Shaw*
                                            Khahilia Y. Shaw
                                            D.C. Bar No. 1616974

                                            */s/ Sara Kaiser Creighton*
                                            Sara Kaiser Creighton
                                            D.C. Bar No. 1002367

                                            AMERICAN OVERSIGHT
                                            1030 15th Street NW, B255
                                            Washington, DC 20005
                                            (202) 539-6507
                                            khahilia.shaw@americanoversight.org

                                            *Counsel for Plaintiff*